## MOORADIAN v. DAVIS.

1. ARREST—WITHOUT WARRANT—TIME—BAIL.

    Time is presumed to be of importance to one incarcerated without process and when the information upon which proceedings are to be based is at hand promptness is required in order that the accused may not be deprived of the right to give bail.

2. FALSE IMPRISONMENT—DILIGENCE IN PROSECUTION—QUESTION OF FACT.

    What amounts to reasonable diligence in presenting a prisoner before the court depends upon the peculiar facts in each case where false imprisonment is claimed, and whether the detention is unreasonable is usually a question of fact, one for the court where all the facts are conceded or clearly established (3 Comp. Laws 1929, § 17147).

3. SAME—DETENTION AFTER ARREST WITHOUT WARRANT—ARSON—PROBABLE CAUSE.

    In action for damages for alleged false imprisonment of one suspected of having committed arson, where material and pertinent facts and circumstances resulting in plaintiff's arrest and detention by defendant police officers were disputed and crime was one generally requiring a detailed and somewhat prolonged investigation, and where facts and circumstances within defendant officers' knowledge at time of his arrest and during period of his custody in local jail from Tuesday morning until Thursday afternoon were such as indicated quite conclusively that fire was incendiary, there was probable cause to believe plaintiff responsible, and officers in good faith energetically endeavored to discover true facts and circumstances, detention of plaintiff without presentation before examining magistrate in immediate vicinity did not, as a matter of law, constitute false imprisonment (3 Comp. Laws 1929, § 17147).

4. SAME—DETENTION AFTER ARREST WITHOUT WARRANT—REASONABLENESS—QUESTION FOR JURY.

    In action for damages for alleged false imprisonment of one suspected of having committed arson, where there was ample

Definition of false imprisonment, see 1 Restatement, Torts, § 35. Confinement by taking a person into custody under an asserted legal authority, see 1 Restatement, Torts, § 41 (1).

evidence that fire was incendiary and that defendant who had had a previous fire and had collected insurance which he applied on a pressing obligation under circumstances similar to that under which instant fire occurred but it was also disclosed that plaintiff was having some repair work done in the premises which were then unoccupied, the question of the reasonableness of plaintiff's detention without a warrant from Tuesday morning until Thursday afternoon after issuance of writ of habeas corpus was properly left to jury (3 Comp. Laws 1929, § 17147).

Appeal from Wayne; Miller (Guy A.), J. Submitted June 4, 1942. (Docket No. 47, Calendar No. 41,823.) Decided September 8, 1942.

Case by Marderos Mooradian against Claire Davis and Homer Scheer for damages for false imprisonment. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Samuel H. Rubin* and *Frank W. Atkinson,* for plaintiff.

*Earl B. Young* and *Gavin D. Smith,* for defendants.

NORTH, J. In March, 1939, plaintiff was operating a restaurant and beer tavern in Highland Park, Wayne county, Michigan. He was purchasing the property where he carried on his business on contract, and occupied only a portion of it. During the early morning of Saturday, March 25, 1939, the vacant portion of the building was destroyed by fire. Because of circumstances tending to indicate that the fire was of incendiary character, an investigation by police officers was immediately instigated. On the following Monday plaintiff was interviewed by police officers and he accompanied them from the location of the fire to the police station in Highland Park. While there he was placed under arrest with-

out the issuance of a warrant and committed to a cell where he was detained until the following morning when he was taken to the office of the prosecuting attorney in Detroit. There the details of the information possessed by the officers were communicated to an assistant prosecutor, but the latter at that time refused to authorize the issuance of a warrant and he ordered the officers to recommit plaintiff to the jail so that a further investigation might be made. Plaintiff was held in custody until the following Thursday morning at which time he was taken before a circuit judge in Wayne county in compliance with the command of a writ of *habeas corpus*. At this same time the police officers again appeared before the assistant prosecuting attorney who again refused to authorize the issuance of a warrant, seemingly on the ground he was not satisfied that proof of the facts in possession of the officers would show plaintiff was in the location of the fire at the time it occurred. Plaintiff was returned to the Highland Park jail after appearing before the circuit judge, but there seems to have been an understanding that unless the police officers procured a warrant for plaintiff's arrest by 3 o'clock that afternoon, he would be released. A warrant was not obtained and plaintiff was released from custody about 3 o'clock in the afternoon of Thursday, March 30, 1939. The municipal court of Highland Park was in the immediate vicinity of the jail where plaintiff was confined and was in session on each of the days during which plaintiff was detained in jail; but at no time was plaintiff taken before the judge of the municipal court or any other magistrate in Wayne county to be charged with the offense on suspicion of which he was being held.

The defendants herein are the two police officers who caused plaintiff's arrest without a warrant and who, it is charged, are responsible for his being detained in custody. Plaintiff brought this suit to recover damages by reason of his alleged false imprisonment by defendants at the time and place hereinbefore noted. The case was tried by a jury, and the trial court submitted to the jury as an issue of fact whether or not under the circumstances disclosed by the testimony plaintiff was held by defendants for such an unreasonable time and without taking him before a magistrate as constituted false imprisonment and rendered defendants liable for resulting damages. The verdict of the jury was in favor of defendants. Plaintiff has appealed. He contends that the trial court was in error in submitting to the jury as an issue of fact whether plaintiff was unreasonably detained without being taken before a magistrate. Plaintiff asserts that under the facts and circumstances the trial court should have charged the jury, as requested by plaintiff, that his detention was, as a matter of law, unreasonable, and that the only question for the jury's determination was the amount of damages he was entitled to recover. Decision of this appeal turns upon this issue.

In 1927, the legislature enacted as a part of the code of criminal procedure the following:

"A peace officer who has arrested a person without a warrant must without unnecessary delay, take the person arrested before the most convenient magistrate of the county in which the offense was committed, and must make before the magistrate a complaint, stating the offense for which the person was arrested." 3 Comp. Laws 1929, § 17147 (Stat. Ann. § 28.872).

"Time is presumed to be of some importance to one incarcerated without process, and promptness is required when the information upon which proceedings are to be based is at hand, in order that the accused may not be deprived of the right to give bail." *Linnen* v. *Banfield,* 114 Mich. 93.

"What amounts to reasonable diligence in presenting a prisoner before the court depends upon the peculiar facts in each case. And whether a prisoner was detained for an unreasonable length of time before being presented for examination or trial is usually a question of fact to be determined upon the circumstances attending the particular arrest and detention. The facts are here in dispute, and therefore they became questions of fact for the jury. It follows that where all the facts are conceded, or clearly established, the question whether said detention was unreasonable is one of law for the court." *Oxford* v. *Berry,* 204 Mich. 197, 213.

In the instant case it is appellant's contention that the facts and circumstances under which he was detained in custody from Tuesday forenoon, when he was taken to the prosecuting attorney's office, until 3 o'clock in the afternoon of the following Thursday are not in dispute; and therefore, as requested by plaintiff, the court should have charged the jury that as a matter of law appellant was unlawfully imprisoned by defendants during that period, thus leaving for the jury only the question of assessing damages, even though only nominal in amount. This contention cannot be sustained under this record. In the present case, even more than in *Oxford* v. *Berry, supra,* the material and pertinent facts and circumstances which resulted in appellant's arrest and detention were disputed. The crime of arson, of which plaintiff was sus-

pected, is generally one requiring detailed and sometimes prolonged investigation. The facts and circumstances within the knowledge of the officers at the time appellant was arrested and during the period he was held in custody were such as indicated quite conclusively that the fire was of incendiary character and also that there was probable cause to believe appellant was responsible for its occurrence. The record leaves no doubt that the officers in good faith were energetically endeavoring to discover the true facts and circumstances throughout the short period during which appellant was in custody. No case has been called to our attention where under like circumstances the detention of an accused person for so brief a period as appellant was detained has been held, as a matter of law, to constitute false imprisonment on the sole theory that in the interim he should have been taken before an examining magistrate.

We deem it inadvisable to encumber the record with all of the details from which conflicting conclusions and contentions arise, but the following are some of the facts and circumstances of which the officers had knowledge at the time of appellant's arrest. He was purchasing the property wherein he conducted his business on a contract. He had been in default in his payments, foreclosure was threatened or in progress, and under such circumstances a fire had occurred on a previous occasion in this same property in consequence of which plaintiff secured insurance money and applied it on his pressing obligation. Just shortly preceding the fire involved in the instant case plaintiff had materially increased the amount of insurance he was carrying on this property, and he was again in default on his contract. While attempting to extinguish this

fire the firemen noted circumstances which indicated incendiarism. They discovered the smell of kerosene, and noted that at times when the fire seemed to have been extinguished it would shortly flare up again, which was indicative of its being fed by a combustible material of some character—such as kerosene. The Highland Park fire marshal, who was promptly at the scene of the fire, found on the premises a partially burned "trailer" made of waxed paper slightly twisted and then crisscrossed so that fire could be led to parts of the building where ignition might be desired. There was a spot on the floor where oil had been placed and this trailer led to the oil. After the fire, the fire marshal scraped up from the floor some liquid and debris which upon a laboratory analysis disclosed that it contained kerosene. Plaintiff was the only person who had a key to the building. He was the last person to have left there, shortly after midnight preceding the fire. But the investigation developed that plaintiff was at the time having some repair work done in the building; and there were empty paint cans there and other conditions incident to the repair work. There was testimony brought out on cross-examination by appellant's counsel designed to nullify or minimize the incriminating effect of facts and circumstances discovered by the officers. The ultimate conclusion to be drawn from it all was for the jury.. The foregoing and other facts and circumstances disclosed by the record had a material bearing upon whether plaintiff, without being taken before a magistrate, was detained in custody an unreasonable length of time.

Under this record it must be held that the circuit judge was not in error in submitting as an issue of fact to the jury the question of whether there was unreasonable or "unnecessary delay" in taking

appellant before a magistrate following his arrest. The judgment entered in the circuit court is affirmed, with costs to appellees. .

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.